```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS
```

_____
                                      )
ANTHONY MONDREZ THOMPSON,             )
            Petitioner,               )
                                      )
      v.                              )    CIVIL ACTION
                                      )    NO. 20-CV-10498-WGY
RADM SPAULDING,                       )
                                      )
            Respondent.               )
_____)

YOUNG, D.J.                                      April 24, 2020

**ORDER**

Pursuant to 28 U.S.C. §2243, Petitioner Anthony Mondrez Thompson's ("Thompson") 28 U.S.C. § 2241 petition for a writ of habeas corpus is hereby DENIED and this action is DISMISSED.

First, Thompson's petition appears moot because, according to Bureau of Prisons inmate locator, Thompson was released from custody on April 20, 2020. Leitao v. Reno, 311 F.3d 453, 455 (1st Cir. 2002) ("A habeas petition will become moot once the prisoner is released from custody unless the petitioner can show some sufficient collateral consequence of the underlying proceeding.")).

Second, to the extent the petition is not moot, it is denied because Thompson, as "a federal pretrial detainee[,] must first exhaust other available remedies to be eligible for habeas corpus relief under Section 2241." Molton v. Grondolsky, No.

CIV.A. 13-12397-NMG, 2014 WL 3828897, at *2 (D. Mass. July 31, 2014); Banks v. Forbes, No. 5:17-HC-2102-BO, 2017 WL 5640828, at *2 (E.D.N.C. Aug. 28, 2017), aff'd, 707 F. App'x 771 (4th Cir. 2017) (dismissing petition as premature on initial review pursuant 28 U.S.C. §2243 where pretrial detainee was in process of competency proceedings as premature). A review of court records reveals that Thompson is a federal pretrial detainee in a criminal matter now pending before the United States District Court for the District of Rhode Island. United States v. Anthony Thompson, Crim No. 1:19-cr-00040-JJM-LDA ("the Rhode Island Criminal Matter"). Thompson appears to have been ordered by the presiding judge in that case into the custody of the Bureau of Prisons for a competency examination. The Court infers that he has either been returned to the custody of the United States Marshals or released pending trial. In either event, Thompson's challenges to the terms of his pretrial detention is a question that ought first be addressed to the presiding United States District Judge in the Rhode Island Criminal matter, not through a petition for a writ of habeas corpus petition.

    **SO ORDERED.**

                                       /s/ William G. Young\_\_
                                       WILLIAM G. YOUNG
                                       DISTRICT JUDGE